1:20MJ2025

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Myrick Dennis, with the Cleveland Field Office of the United States Postal Inspection Service (hereinafter "USPIS"), having first been duly sworn according to law, hereby depose and say:

1.      As a United States Postal Inspector, I am an investigative law enforcement officer of the United States of America within the meaning of Title 18, United States Code, Section 2510(7). I am empowered by law to conduct investigations of, and to make arrests for, offenses related to the U.S. Postal Service (hereinafter "USPS") and the mails, as authorized by Title 18, United States Code, Section 3061.

2.      I have been employed by the USPIS for 5 years and assigned to the Cleveland Field Office for each of those 5 years. During this time, I have been assigned to the Prohibited Mail Narcotics team, which investigates the mailing of illegal drugs and their proceeds. I have been the case agent in multiple investigations leading to convictions in both U.S. District Court and state courts.

3.      I have received training in the detection and investigation of prohibited mailing offenses during a residential Basic Inspector Training program in Potomac, Maryland. I have also received training in financial investigations as they relate to drug trafficking organizations, money laundering, and asset forfeiture. I have received field training and participated in many aspects of USPIS drug investigations, including but not limited to, parcel interdiction, surveillance, controlled deliveries, execution of search warrants, interview and interrogation, confidential source/cooperating witness debriefing, and interception and analysis of electronic communications. I have written and executed search warrants that have resulted in the seizure of illegal drugs and evidence of drug violations. I am familiar with drug traffickers' methods of operation, especially as they relate to the Postal Service, including the storage, transportation,

and distribution of drugs, the transfer and collection of money which represents the proceeds of drug trafficking, and money laundering.

4.     I know from my training and experience that the U.S. Mail is often used by drugs traffickers to transport controlled substances. I further know that the Priority Mail system is commonly used to transport controlled substances because this system provides reliability, traceability, and timely delivery.

5.     I know that the success of professional Drug Trafficking Organizations (DTOs) depends upon maintaining extensive contacts throughout the country and internationally. Specifically, individuals involved in drug trafficking must maintain contact with drug suppliers, drug couriers, drug customers, and others involved in the supply, transportation, distribution, sales, and marketing of controlled substances. The use of cellular telephone communication is essential in maintaining timely long-distance and local contacts with the original suppliers and those down the organizational chain, to include local traffickers.

6.     This affidavit is submitted in support of criminal complaints against Giovani Marrero ("MARRERO"), Michael Lopez Ortiz ("LOPEZ"), and Michael Gonzalez ("GONZALEZ").

7.     Because this affidavit is submitted for the limited purpose of supporting criminal complaints, I have not included each and every fact known concerning this investigation. I have set forth only the facts I believe are necessary to establish probable cause that MARRERO, LOPEZ, and GONZALEZ have committed violations of Title 21, United States Code, Section 846, that is conspiracy to distribute, and possess with intent to distribute, 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

FACTS AND CIRCUMSTANCES REGARDING PROBABLE CAUSE

8.      On January 28, 2020, while reviewing postal business records, I identified USPS Priority Mail parcel no. 9505 5114 1627 0027 3174 93 addressed to Abigail Gonzalez, 4703 Stickney Ave, Cleveland, OH 44144, and having a return address of Laura Robles, Lippitt #417, San Juan, PR 00915 (hereinafter "subject parcel"), as a suspected drug parcel based on a number of characteristics such as the class of mail, origin, and destination. I subsequently located and detained the parcel for further investigation.

9.      On January 29, 2020, I placed the subject parcel in a lineup containing several blank parcels which emanated no narcotics odors. Narcotic detection "Ciga," handled by Detective M. Twombly of the Cuyahoga County Sheriff's Department, was allowed to examine the lineup. According to Detective Twombly, Ciga gave a positive alert on the subject parcel and none of the blank parcels. According to Detective Twombly, this positive alert meant Ciga detected the odor of an illegal drug emanating from the subject parcel.

10.      Continuing on the same date, the Honorable David A. Ruiz, U.S. Magistrate Judge, authorized a federal search warrant (1:20mj2009) for the subject parcel. Postal Inspector Michael Adams and I executed the search warrant at approximately 5:00 p.m., resulting in the seizure of approximately 1 kilogram (gross total weight) of a compressed brick of white powder that field tested positive for cocaine HCl, Schedule II controlled substance. The cocaine was concealed inside an inner box and wrapped in multiple layers of plastic, vacuum sealed bags, and bubble wrap.

11.     On January 31, 2020, Postal Inspectors and agents and officers from Homeland Security Investigations and the Cleveland Police Department conducted a controlled delivery of the subject parcel. Prior to conducting the controlled delivery, I removed all but approximately 3 grams of the cocaine and replaced it with a non-controlled substance. I also placed a transmitter which would tell agents if or when the subject parcel was opened and a location monitoring device similar to a GPS inside the subject parcel. I then repackaged the subject parcel so as to appear as if it were not intercepted by law enforcement.

12.     At approximately 11:14 a.m., a Postal Inspector acting in an undercover capacity as a USPS Letter Carrier delivered the subject parcel to the front porch of the residence located at 4703 Stickney Avenue, Cleveland, Ohio 44144. At approximately 11:15 a.m., investigators observed that a male subject later identified as MARRERO walked from the rear of the residence, retrieved the subject parcel from the front porch, and took the subject parcel inside.

13.     At approximately 12:07 p.m., investigators observed a blue Honda truck driven by Billy Rodriguez Cardona (Rodriguez) and carrying LOPEZ as a passenger arrive at the residence located at 4703 Stickney Avenue, Cleveland, Ohio 44144.  MARRERO met Rodriguez and LOPEZ outside and all three entered the residence through the back door. Within one or two minutes, I was notified several times that the subject parcel was being moved around inside the residence.

14.     At approximately 12:14 p.m., I was notified that the subject parcel was open. Investigators converged on the residence located at 4703 Stickney Avenue, Cleveland, Ohio 44144 and entered through the open common back door. Investigators knocked and announced their presence at the locked back door of the lower unit of the residence. Having received no response for approximately one minute, investigators made entry through the back door to the

4

lower unit (4703 Stickney) to conduct a protective sweep and secure the residence against any destruction of evidence or flight of any conspirators.

15.     MARRERO was located inside the southwest bedroom holding his 2-year old daughter. Also inside this bedroom in plain view was a digital scale and box of plastic baggies on top of a table, both items commonly used by drug traffickers. A plastic baggie with suspected marijuana was also located a short distance away. MARRERO's Samsung Galaxy S8 and LG Rebel 3 cellular telephones were located next to him on the bed. I handcuffed MARRERO while Special Agent Michael Grote held MARRERO's daughter; MARRERO was then handcuffed in front and allowed to sit with and hold his daughter while his daughter's mother came to pick her up. The opened subject parcel was located in plain view on the kitchen table.

16.     MARRERO was advised of his rights per Miranda, which he acknowledged he understood and waived. MARRERO admitted to taking the subject parcel into the residence. When asked whom he called after doing this, he invoked his right to counsel.

17.     LOPEZ was located on the living room couch and handcuffed. Recovered from LOPEZ's person were an Apple iPhone XR and an LG Phoenix 4 cellular telephone. LOPEZ later acknowledged the iPhone XR was his, but denied any knowledge or ownership of the LG Phoenix 4. Rodriguez was also located on the living room couch and handcuffed. Recovered from Rodriguez's person was a Samsung Galaxy A20. Rodriguez was advised of his rights per Miranda, which he acknowledged he understood and waived.

18.     Once the residence and all occupants were secure, investigators remained inside without searching for any evidence while they waited for the application of a federal search warrant for the residence. During this time, investigators made contact with Michael GONZALEZ at Max S. Hayes High School in Cleveland, Ohio. GONZALEZ was advised of his

5

rights per Miranda, which he acknowledged he understood and waived. GONZALEZ was not handcuffed at the time of interview. GONZALEZ was advised of what was currently transpiring at his residence, 4703 Stickney Avenue, Cleveland, Ohio 44144. GONZALEZ admitted that he knew MARRERO was using his residence to receive a package containing cocaine, but GONZALEZ did not know the amount.

19.     At 3:30 p.m., the Honorable David A. Ruiz, U.S. Magistrate Judge, authorized a federal search warrant (1:20mj2021) for the residence. Investigators then executed the search warrant at approximately 3:50 p.m., resulting in the seizure of the above mentioned cellular telephones from LOPEZ and Rodriguez, a ZTE Z233VL cellular telephone from under the living room couch where Rodriguez and LOPEZ were sitting (which Rodriguez and LOPEZ each disclaimed knowledge or ownership of), multiple pounds of suspected marijuana and multiple firearms from MARRERO's southwest bedroom (which MARRERO admitted was his bedroom), and various other items indicative of drug trafficking.

20.     On the LG Phoenix 4 recovered from LOPEZ, I identified a text message from a Puerto Rico telephone number containing the tracking number of the subject parcel. This same number also called the LG Phoenix 4 multiple times while LOPEZ was detained and the residence was being held. Based on my training and experience, the user of this number likely sent or had knowledge of the sending of the subject parcel and was calling to ensure it was safely received. I also identified at least 8 calls with a Florida telephone number on the LG Phoenix 4 from the time the subject parcel was mailed to the most recent missed call at 12:47 p.m.; this same number also called Rodriguez's Samsung Galaxy A20 at 12:53 p.m.

21.     Based upon the information contained in this affidavit, I submit there is probable cause to believe that on or about January 31, 2020, in the Northern District of Ohio, MARRERO,

LOPEZ, and GONZALEZ committed violations of Title 21, United States Code, Section 846, that is conspiracy to distribute, and possess with intent to distribute, 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

MYRICK DENNIS
U.S. POSTAL INSPECTOR

This affidavit was sworn to by the affiant
by telephone after a PDF was transmitted
by email, per Crim R. 41(d)(3)

DAVID RUIZ
U.S. MAGISTRATE JUDGE

Feb 3, 2020

DATE

7